# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

               Plaintiff,

vs.

STEVEN CURTIS BACHMEIER,

               Defendant.

Case No. 3:17-cr-00103-SLG

## ORDER RE MOTION TO DISMISS

Before the Court at Docket 113 is Defendant Steven Curtis Bachmeier's Motion to Dismiss for Lack of Jurisdiction. The Government responded at Docket 115, and Defendant did not file a reply. Oral argument was requested but was not necessary to the Court's determination.

Mr. Bachmeier asserts that this Court lacks jurisdiction over this case. He raises four separate arguments.

First, Mr. Bachmeier maintains that the Court does not have jurisdiction because "state land, like Alaska in this case, is not 'subject to the jurisdiction of the U.S.' unless there has been a cession of land AND jurisdiction was accepted by the United States."[1] He cites to 40 U.S.C. § 3112, but that statute relates to federal jurisdiction over land or an interest in land. It does not relate to federal court jurisdiction over the prosecution of certain crimes. Mr. Bachmeier also cites to *John Phillips v. J.M. Thralls*, 26 Kan. 780

---

[1] Docket 113 at 2.

(1882), but *Phillips* involved the authority of a justice of the peace to hold court outside the limits of the township of which he was a justice, which is not at issue in this case. Mr. Bachmeier also notes that a felon in possession of a firearm in Russia could not be charged with a federal crime by the United States. But Russia is not within the territorial jurisdiction of the United States; the state of Alaska is. Mr. Bachmeier also cites to *United States v. Luton*, 486 F.2d 1021 (5th Cir. 1973). That case addressed whether a certain district court – the Northern District of Mississippi – had jurisdiction over a particular firearms offense. The Circuit held that the federal district court had jurisdiction over that case so long as some part of the criminal activity occurred within that district. Here, it is not disputed that Mr. Bachmeier's alleged criminal activity occurred within the District of Alaska.

Mr. Bachmeier next asserts that there is no jurisdiction under the Commerce Clause, because the Government has not alleged that Mailing Threatening Communications in violation of 18 U.S.C. § 876(c) is "directed at the instrumentalities, channels, or goods involved in interstate commerce."[2] But the Court finds that the U.S. mail is a channel involved in interstate commerce.[3] And "under the Commerce Clause, Congress is empowered to regulate and protect instrumentalities of interstate commerce . . . even though the threat may come only from intrastate activities."[4]

---

[2] Docket 113 at 3 (quoting *United States v. Morrison*, 529 U.S. 598, 618 (2000)).

[3] *Cf. Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1511 (2017) (discussing service by "postal channels" under the Hague Convention).

[4] *Pierce Cnty., Wash. v. Guillen*, 537 U.S. 129, 147 (2003) (internal quotations and citations omitted); *see also Gonzales v. Raich*, 545 U.S. 1, 23 (2005) (holding "[w]here the class of activities is regulated and that class is within the reach of federal power, the courts have no power to excise, as trivial, individual instances of the class" (internal quotations and citations omitted)); *United States v. Hasner*, 340 F.3d 1261, 1270 (11th Cir. 2003) (holding that intrastate Federal Express

3:17-cr-00103-SLG, *USA v. Bachmeier*
Order re Motion to Dismiss
Page 2 of 3

The Court also has jurisdiction under the Postal Clause of the Constitution, which empowers Congress to establish post offices.[5] Under the mail fraud statute, the use of the mails establishes federal jurisdiction, so long as the mailing is incident to an essential part of the scheme.[6] Similarly, under 18 U.S.C. § 876(c), the use of the mails to send a threatening communication establishes federal jurisdiction.

Finally, the Court has jurisdiction under the Necessary and Proper Clause, which grants Congress the authority to make all laws "necessary and proper" for carrying out other constitutional powers, including those powers enumerated by the Commerce Clause and the Postal Clause.[7] 18 U.S.C. § 876 "is obviously appropriate to protect the functioning of the national government and hence is authorized by Article I § 8, clause 18, authorizing enactment of 'all laws which shall be necessary and proper' for carrying into execution the other powers granted by the Constitution."[8]

Based on the foregoing, IT IS ORDERED that Defendant's motion at Docket 113 is DENIED.

DATED this 3rd day of May, 2017 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

delivery is within federal jurisdiction under mail fraud statute).

[5] U.S. Const. art. I, § 8, cl. 7.

[6] *Schmuck v. United States*, 489 U.S. 705, 710–11 (1989).

[7] U.S. Const. art. I, § 8, cl. 18.

[8] *United States v. Galu*, 812 F.Supp. 19, 21 (S.D.N.Y. 1992).

3:17-cr-00103-SLG, *USA v. Bachmeier*
Order re Motion to Dismiss
Page 3 of 3