BRYAN SCHRODER
United States Attorney

ANNE VELDHUIS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: anne.veldhuis@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:17-CR-00103-SLG |
| STEVEN CURTIS BACHMEIER, | ) |
| Defendant. | ) |

## UNITED STATES' SENTENCING MEMORANDUM

## SUMMARY OF SENTENCING RECOMMENDATIONS

TERM OF IMPRISONMENT ................................................................. 60 MONTHS

SUPERVISED RELEASE ............................................................................ 3 YEARS

SPECIAL ASSESSMENT ................................................................................... $100

The United States of America, by and through undersigned counsel, hereby files this Sentencing Memorandum. For the reasons stated herein, the United States respectfully asks the Court to impose a sentence of 60 months' imprisonment, to be followed by a three-year term of supervised release.

## I. FACTUAL BACKGROUND

In 2009, the defendant plead guilty to Assault 2 – Injury with a Weapon and Sexual Assault 2. Judge A.M. presided over that case. The defendant later attempted to withdraw his guilty plea, but A.M. denied that motion.

At a May 27, 2010 status and scheduling hearing, the defendant again tried to withdraw his guilty plea. The defendant unleashed a string of profanities and insults against A.M., before saying that "I swear on penalty of perjury I'm bound to the lives of my five little girls, I'm gonna carve the flesh off your fucking children bitch."

The defendant was subsequently sentenced to a term of 8 years' imprisonment for the charges to which he had plead guilty.

Later, in February 2015, before the defendant was originally scheduled to be released from imprisonment, he met with a Department of Corrections employee. He initially told the DOC employee that the threats against Judge Moran were just a tactic he used to get her riled up and sentence him too harshly, so that he could then get his sentence overturned on appeal or overturn his plea agreement. But he also would not guarantee that he would not harm people whom he felt had done him wrong.

In January 2017, the defendant initiated a new civil case to have his name legally

U.S. v. Bachmeier
3:17-cr-00103-SLG Page **2** of **9**
Case 3:17-cr-00103-SLG Document 223 Filed 06/18/19 Page 2 of 9

changed. The case was assigned to Judge A.M. with case number 3KN-17-29CI. The defendant was angry that Judge A.M. had been assigned to preside over his request to change his name. As a result, he mailed a document styled as a "Request" to the Kenai Superior Court. The "Request" was received on February 8, 2017 and is the subject of the charge in this case:

> Am requesting to cancel this proceeding. I never got a notice of judicial assignment. I would of struck [Judge A.M.] from this case I have told her in past Im going to kill her family which I still entend to do. Therefore she cannot be impartial. I will refile and this court will give me notice of judicial assignment, or els. [Sic].

The defendant was subsequently convicted by a jury of one count of Mailing Threatening Communications, in violation of 18 U.S.C. § 876(c).

## II. GUIDELINE APPLICATIONS

The sentencing guidelines calculations are discussed below.

### A. Base Offense Level

The defendant was convicted of Mailing Threatening Communications; his base offense level is therefore 12. U.S.S.G. § 2A6.1(a)(1).

### B. Victim Related Adjustment

The defendant threatened A.M. and her family because she presided over cases involving him. U.S.S.G. § 3A1.2(a) applies where the victim was either "(A) a government officer or employee . . ." or "(C) a member of the immediate family of a [government officer or employee]," and where the offense was motived by their status. Here, the defendant threatened a government officer and their family, and the offense of

U.S. v. Bachmeier
3:17-cr-00103-SLG  Page **3** of **9**
Case 3:17-cr-00103-SLG   Document 223   Filed 06/18/19   Page 3 of 9

conviction was motivated by A.M.'s status as a judge presiding over his cases. Accordingly, his base offense level is increased by 3 levels. U.S.S.G. § 3A1.2(a).

The defendant's offense level is increased 3 additional levels under U.S.S.G. § 3A1.2(b), because he meets the qualifications U.S.S.G. § 3A1.2(a)(1) and (2), and because the applicable guideline for his offense is under Chapter Two of the U.S.S.G. The defendant's total adjustment under U.S.S.G. § 3A1.2 is therefore 6 levels.

    B.    <u>Adjustment for Obstruction of Justice</u>

The defendant represented himself in this case for a period of time. While representing himself *pro se,* the defendant made numerous filings in which he stated that he would defend himself with force, *see, e.g.* Dkt. 40 at 2-4, that he was at war with the government, *see, e.g.* Dkt. 56 at 1, and stating to the Magistrate Judge "remove yourself from office or I will." Dkt. 102 at 5. Even after he was convicted and again represented by counsel, the defendant continued filing pleadings in this Court that had nothing to do with any valid legal matter, but instead appear to be aimed toward intimidating the Court and government. *See* Dkt. 219-1 (defendant's notice that he would personally charge the Judge and Prosecutor involved in this case).

The Application Notes to the Obstruction of Justice Guideline, U.S.S.G. § 3C1.1, note that "[o]bstructive conduct can vary widely in nature," though the exercise of a constitutional right is not considered obstructive. Application Notes 2, 3. Application Note 4 provides a non-exhaustive list of examples of conduct that may qualify for the Obstruction of Justice enhancement, including "threatening, intimidating, or otherwise

U.S. v. Bachmeier
3:17-cr-00103-SLG         Page **4** of **9**
Case 3:17-cr-00103-SLG   Document 223   Filed 06/18/19   Page 4 of 9

unlawfully influencing a co-defendant, witness, or juror…"

It logically follows that attempting to threaten or intimidate individuals involved in the defendant's prosecution would also qualify as Obstruction of Justice under the Guidelines. This is true because "[c]onduct that is sufficiently threatening to a person who plays a role in the defendant's future sentencing proceedings, whether or not the threat is made directly to the threatened person, is disruptive to the criminal justice system." *United States v. Kominek*, 651 F. App'x 603, 604 (9th Cir. 2016). In *Kominek*, the Ninth Circuit upheld an Obstruction of Justice guideline enhancement where the defendant spoke with another prisoner about how to intimidate the prosecutor, including a discussion of explosives to blow up the prosecutor's car.

Here, the defendant was not merely attempting to assert his Constitutional rights. Surely, he has no valid constitutional right to fine the Court. Moreover, when taken in context, his repeated statements that he was at war with the Court and/or Government are most accurately read as an attempt to threaten or intimidate, and therefore to disrupt the criminal justice system.

### E. Criminal History Category

The USPO has correctly calculated the defendant's criminal history as Category V.

### E. Guideline Range

The defendant's Total Offense Level is 20 and his Criminal History Category is V. The statutory maximum sentence for the crime of Mailing Threatening Communications

U.S. v. Bachmeier
3:17-cr-00103-SLG    Page **5** of **9**
Case 3:17-cr-00103-SLG   Document 223   Filed 06/18/19   Page 5 of 9

is 60 months' imprisonment.[1]

## II. FACTORS PURUSANT TO 18 U.S.C. § 3553(a)

For the reasons set forth below, the United States requests a sentence of imprisonment at the low end of the guideline range: 60 months' imprisonment and three years of supervised release.  Under 18 U.S.C. § 3553(a), the Court considers key factors in this case, such as "the nature and circumstances of the offense," "the history and characteristics of the offender," "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2).  A 60-month sentence for the defendant in this case is "sufficient, but not greater than necessary," to achieve these goals.  18 U.S.C. § 3553(a).

### a. The nature and circumstances of the offense

The defendant threatened A.M. and her family on multiple occasions.  He threatened to "carve the flesh," from A.M.'s children in May 2010.  The defendant never forgot that threat, nor did his fixation on A.M. and her family fade.  Again, in 2015, he acknowledged the threat to a DOC employee and would not confirm that he *wouldn't* hurt A.M. or her family when he was released.[2]

---

[1] The defendant's advisory guideline range would otherwise be 63 to 78 months.
[2] A.M.'s victim impact statement make clear that  she treated the defendant's 2015 as a threat.

U.S. v. Bachmeier
3:17-cr-00103-SLG   Page **6** of **9**

Finally, in early 2017, the defendant was so incensed that A.M. was assigned to preside over a civil case he filed that he again threatened her. The defendant again did not mince words, but made his intent very clear when he mailed the threat: "[A]s I have told her in past I'm going to kill her family which I still entend to do." [sic]. The defendant plainly remained fixated on A.M. and her family over a lengthy period of time, which renders his conduct all the more serious.

### b. The history and characteristics of the defendant

The defendant has a lengthy and violent criminal history. Significantly, the defendant has multiple allegations or convictions involving domestic violence or domestic disturbances. These include Assault in the Fourth Degree, PSR ¶ 52, Unlawful Contact, PSR ¶ 53, and Criminal Mischief in the Fourth Degree, PSR ¶ 54. Finally, the defendant's Sexual Assault conviction was predicated on an attack on his romantic partner. PSR ¶ 55.

The defendant's history also demonstrates a willingness to commit violence against others, not just his romantic partners. He was convicted of Harrassment in the Second Degree for assaulting a Corrections Officer. PSR ¶ 56. Additionally, the defendant has pending charges for Assault in the First Degree stemming from an incident inside jail in which the defendant allegedly sliced open another inmate's neck with a homemade weapon.

The defendant demonstrates a pattern of committing violence against others when he is able to do so. When he is unable to commit acts of violence, the defendant makes

U.S. v. Bachmeier
3:17-cr-00103-SLG          Page **7** of **9**
Case 3:17-cr-00103-SLG   Document 223   Filed 06/18/19   Page 7 of 9

highly specific threats against those he believes have wronged him in some way.³ He returns repeatedly to the idea that he is "at war" with others, and that he may use deadly force against them.

    **c.**    **The seriousness of the offense**

The defendant's actions were an attempt to undermine the judicial system. He first threatened A.M.'s family when she denied his request to withdraw his guilty plea in a sexual assault case; there can be no serious dispute that he intended to influence the outcome of his criminal case. Seven years later, the defendant again threatened A.M. and her family. The lengthy span of time over which the defendant continued to threaten A.M. demonstrates the seriousness of the offense and the impact it had on his victims.

    **d.**    **The need to provide just punishment for the offense and deter crime**

Based on his criminal history, it is unclear that the defendant can be specifically deterred from committing more crimes. However, general deterrence should be in an important sentencing goal in a case involving a judicial officer. A statutory maximum sentence would send a message that threats to judicial officers will not be tolerated.

Moreover, justice requires a sentence that is sufficient to protect the general public, and the victims, from the defendant. No sentence can forever prevent the defendant from carrying out acts of violence, indeed he continues to commit acts of violence while

---

³ *See also* PSR ¶¶ 39-40. As noted in the PSR, the defendant has made numerous threats to DOC Officers. Significantly, in early 2010 the defendant also sent to the U.S. District Court a letter responding to a Court notice. The defendant wrote that "I will defend myself from tyranny with deadly force. See ya."

incarcerated, but it would protect the general public for the time he is incarcerated.

## CONCLUSION

In light of the factors detailed herein, the United States requests that the Court impose a sentence of 60-months, with a three-year term of supervised release to follow. A $100 special assessment is mandatory.

RESPECTFULLY SUBMITTED June 18, 2019, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ Anne Veldhuis
ANNE VELDHUIS
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**
I hereby certify that on June 18, 2019
a true and correct copy of the foregoing was
served electronically on the following:

Gary Colbath, Assistant Federal Defender

s/ Anne Veldhuis
Office of the U.S. Attorney

U.S. v. Bachmeier
3:17-cr-00103-SLG     Page **9** of **9**
Case 3:17-cr-00103-SLG   Document 223   Filed 06/18/19   Page 9 of 9