# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

STEVEN CURTIS BACHMEIER,

    Defendant.

Case No. 3:17-cr-00103-SLG

## ORDER RE "DEMAND FOR RECUSAL"

Before the Court at Docket 252 is Mr. Bachmeier's "Demand for Recusal." The Government responded in opposition at Docket 260. Also, at Docket 267, Mr. Bachmeier requested a hearing on the motion, to which the Government responded in opposition at Docket 271.

In his motion, Mr. Bachmeier seeks to recuse the undersigned judge. The basis for the request appears to be Mr. Bachmeier's assertion that he has "lodged [a] criminal complaint" against this judge and thus she is "not impartial."[1] Mr. Bachmeier's motion references a letter he indicates that he wrote to the Department of Justice ("DOJ") and references the DOJ's reply[2]; however, neither letter was attached to his motion or otherwise received by the Court. In his motion for a hearing on recusal, Mr. Bachmeier acknowledges that the copy of his motion

---

[1] Docket 252 at 1.

[2] Docket 252 at 1.

that was sent to him by the Clerk of Court did not include the letters; he indicates contends "maybe those 8 pages did not get filed."[3] In opposition to Mr. Bachmeier's motion for a hearing, counsel for the United States indicates that she is "not aware of any communications between the defendant and the Department of Justice regarding a potential recusal."[4]

A judge is required to recuse herself under 28 U.S.C. §§ 144, 455 if an objectively reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned were the judge to continue to hear the case.[5] Actual bias is not required; "the appearance of impropriety can be a sufficient basis for judicial recusal."[6] And yet a judge "must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal [is] not appropriate."[7] Section 455 is limited by the "extrajudicial source" factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial.[8] Where the

---

[3] Docket 267 at 1.

[4] Docket 271 at 1.

[5] *See DeNardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *Perry v. Schwarzenegger*, 630 F.3d 909, 911 (9th Cir. 2011).

[6] Blixseth v. Yellowstone Mountain Club, LLC, 742 F.3d 1215, 1219 (9th Cir. 2014).

[7] *United States v. Sierra Pac. Indus.*, 759 F.Supp. 2d 1198, 1200–01 (E.D. Cal. 2010) (citing *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).

[8] *See Liteky v. United States*, 510 U.S. 540, 554–56 (1994).

Case No. 3:17-cr-00103-SLG, *USA v. Bachmeier*
Order re "Demand for Recusal"
Page 2 of 3

source of alleged bias or prejudice is a judicial proceeding, a party must show a disposition on the part of the judge that is "so extreme as to display clear inability to render fair judgment."[9]

Mr. Bachmeier bears the burden of proving facts that would justify recusal.[10] Mr. Bachmeier's motion for recusal is based on an unsupported allegation that he has complained to the Department of Justice about the undersigned judge. Mr. Bachmeier has not explained the basis for the complaint or provided any evidence of its existence. Accordingly, there are "no facts presented which [give] rise to an appearance of bias."[11] Moreover, a private citiczen cannot bring a criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person.[12]

In light of the foregoing, Defendant's Demand for Recusal at Docket 252 is DENIED. A hearing on the motion was not necessary to the Court's determination; therefore, Defendant's Motion for Hearing on Recusal at Docket 267 is DENIED.

DATED this 24th day of September, 2019 at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[9] *Id.* at 551.

[10] *See Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014).

[11] *DeNardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992).

[12] *Leonardo v. Coalinga State Hospital*, 2019 WL 2249628, at n.2 (E.D. Cal. May 24, 2019).

Case No. 3:17-cr-00103-SLG, *USA v. Bachmeier*
Order re "Demand for Recusal"
Page 3 of 3